**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 14, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————

8865 NORTH COVE,

       Plaintiff - Appellant,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

       Defendant - Appellee.

No. 14-4086
(D.C. No. 2:12-CV-00237-DAK)
(D. Utah)

———————————————

**ORDER AND JUDGMENT**[*]

———————————————

Before **BRISCOE**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.

———————————————

Plaintiff 8665 North Cove, a limited liability company ("North Cove"),

appeals from the district court's grant of summary judgment in favor of defendant

American Family Mutual Insurance Company ("American Family") on North Cove's

suit for breach of insurance contract. The court held that American Family was

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prejudiced by North Cove's delay in filing its notice of loss. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

## I

North Cove owned a residential property located at 8665 North Cove in Summit County, Utah. The property was insured under a homeowners insurance policy issued by American Family to John and Heidi Carnesale, North Cove's principals. In late August 2007, North Cove contracted with S&S Roofing, Inc. ("S&S") to install a new roof. In spring 2008, while S&S was still performing its work, North Cove discovered problems with the roof.

S&S filed suit against North Cove in 2009 to enforce a mechanic's lien. North Cove counterclaimed for alleged defective workmanship. Coincidentally, S&S was insured by American Family under a commercial general liability policy. American Family provided a defense to S&S against the counterclaim. During discovery, North Cove revealed it had made numerous repairs to the property totaling more than $30,000, although it is unclear exactly when the repairs were made. At some time in 2011, North Cove moved unsuccessfully to add American Family as a third-party defendant. However, there is no evidence in the record that American Family, as a non-party, received notice of North Cove's motion. The S&S suit was resolved in February 2013 when North Cove accepted a $30,000 offer of judgment.

In December 2010, while the roofing suit was pending, the Carnesales contacted their insurance agent to open a claim. The agent explained that he could

not do so without the date of the claim or other information.  He referred the couple to American Family.  On April 7, 2011, the Carnesales contacted American Family, which noted the date of loss as April 15, 2008.

American Family wrote to the Carnesales on May 10, 2011, explaining that it would deny the claim because, among other things, notice was untimely.  It cited language in the homeowners policy that required the Carnesales to provide "notice [of the loss] as soon as reasonably possible to us or our agent" and stated that the late notice prevented it from exercising its right under the policy to be "show[n] . . . the damaged property before permanent repairs or replacement is made."  (Emphases omitted).

North Cove filed suit against American Family in January 2012.  American Family moved for summary judgment.  The district court granted American Family's motion, concluding that North Cove failed to provide notice of its claim as soon as reasonably possible and that American Family was prejudiced as a result.  North Cove timely appealed.

## II

"We review the district court's summary judgment ruling de novo, applying the same legal standards as the district court."  Dalpiaz v. Carbon Cnty., 760 F.3d 1126, 1131 (10th Cir. 2014).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant can meet this

burden "by[] citing to particular parts of materials in the record, including depositions, documents, . . . affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

The parties agree that Utah law governs our analysis. Under Utah law, failure to provide notice to an insurer "does not bar recovery under the policy if the insurer fails to show it was prejudiced by the failure." Utah Code § 31A-21-312(2).

North Cove admits it did not make a formal claim to American Family until April 7, 2011, more than two years after the incident. It argues, however, that American Family had constructive notice of its claim in either April 2009 (when North Cove filed its counterclaim in the roofing suit and S&S requested a defense), or December 2010 (when John Carnesale telephoned his insurance agent).

There is no evidence to support North Cove's assertion that American Family received constructive notice of the claim in April 2009. This argument is based on the faulty premise that American Family was a party to the roofing suit. As the district court explained, American Family was not a party to the suit between S&S and North Cove, its interests were not represented, and any duty it had to indemnify S&S would rest on S&S's policy rather than the Carnesales' homeowners policy. North Cove erroneously portrays American Family as an active participant in the roofing suit when it did nothing more than pay for a defense.

Further, North Cove overlooks the fact that the homeowners policy was issued to the Carnesales—not North Cove. Thus, American Family had little reason to

know that it insured the property at issue. Although John Carnesale assigned the claims against American Family under the homeowners policy to North Cove in April 2009, American Family did not learn of the assignment until July 2012 during discovery in this suit.

North Cove next argues that even if American Family received notice in December 2010 or April 2011 (when the Carnesales first contacted American Family about the loss), the insurer failed to establish prejudice. We disagree. As an initial matter, we reject North Cove's contention that the district court ignored § 31A-21-312(2) in its analysis. Although the court did not specifically cite the statute, it repeatedly explained in its decision that American Family suffered prejudice from the untimely notice.

We similarly disagree with North Cove's assertion that American Family could meet its burden of establishing prejudice only by affidavit. Under Rule 56(c), a party may rely on responses to interrogatories. American Family responded to North Cove's prejudice interrogatory by stating that it was "precluded from investigating the claim due, in part to [North Cove's] failure to timely report this claim, and by [North Cove's] repair of the allegedly damaged property before displaying the subject property to American Family, as was required by the insurance contract." American Family further responded that North Cove's "spoliation of the evidence which was central to the claim materially and substantially deprived American Family of any ability to investigate the claim."

- 5 -

In its motion for summary judgment, American Family argued that there was no genuine issue of material fact as to prejudice. North Cove thus had the burden of creating a genuine issue as to prejudice (for example, by showing that at least some, if not all, of the repairs were made after American Family received notice). Because North Cove failed to produce any such evidence, summary judgment was proper. See SEC v. Smart, 678 F.3d 850, 858 (10th Cir. 2012) ("A properly submitted summary judgment motion cannot be defeated by mere allegations or denials. Rather, to withstand summary judgment, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." (citation, quotation, and alteration omitted)).

North Cove does not dispute the district court's conclusion that it made substantial repairs to the property before providing American Family the opportunity to examine the alleged damages or to participate in repair decisions. Instead, North Cove asserts without legal authority that discovery conducted in its lawsuit with S&S—a suit to which American Family was not a party—should be considered an adequate substitute for American Family's separate rights under the homeowners policy. This argument is without merit.

**III**

The judgment of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge